## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISON

| | |
|---|---|
| TERENZO D. ALLEN, | ) CASE NO. 3:18-CV-02839-JZ |
| | ) |
| Plaintiff, | ) JUDGE JACK ZOUHARY |
| | ) UNITED STATES DISTRICT JUDGE |
| v. | ) |
| | ) MAGISTRATE JUDGE |
| WARDEN JAMES HAVILAND, | ) CARMEN E. HENDERSON |
| | ) |
| Defendant, | ) **REPORT & RECOMMENDATION** |
| | ) |

## I.        Introduction

Petitioner, Terenzo Allen, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Allen is an Ohio prisoner who is currently serving an aggregate sentence of eleven years in prison and a five-year term of post-release supervision for drug trafficking and possession. Allen asserts thirteen grounds for relief. (ECF No. 1). Respondent, Warden James Haviland, filed a return of writ on March 20, 2019. (ECF No. 9). On September 14, 2020, this Court established a final deadline of October 20, 2020 by which Allen needed to have filed a traverse. (ECF No. 10). Allen did not file a traverse.

This matter was referred to me under Local Rule 72.2 to prepare a report and recommendation on Allen's petition and other case-dispositive motions. Because Allen has presented only meritless and non-cognizable claims, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

1

## II.     Relevant Factual Background

The Ohio Court of Appeals for the Sixth Appellate District set forth the following facts[1]

on direct appeal:

> {¶ 6} On September 26, 2014, Ohio State Highway Patrol Trooper
> Alejo Romero, III, was in the crossover of Interstate 75 in Wood
> County, observing southbound traffic. While sitting in the
> crossover, Romero observed a black Nissan Altima that was not
> speeding, but that was following too closely to the vehicle in front
> of it. Romero testified that the Altima was approximately one and
> one-half to two car-lengths behind the vehicle in front of it, when it
> should have been six car-lengths behind. After passing Romero, the
> Altima then slowed down and moved into the right lane of traffic.
>
> {¶ 7} Romero testified that he pulled out and followed the Altima to
> run its registration and to stop the vehicle for following too close.
> The Altima had a Florida registration, and appeared to Romero to
> be a rental car. As Romero approached the Altima on the passenger
> side, he observed that there was another male person sitting in the
> passenger seat, and appellant was laying across the back seat.
> Romero testified that appellant was pretending to be asleep, but
> Romero could see appellant open his eyes to peek at him. During
> the stop, Romero noticed three car air fresheners: one on the
> dashboard, and two on the center console. Romero also noticed that
> there were three smart phones and two flip phones in the car.
> Romero then asked the driver to accompany him back to the patrol
> car so that Romero could get his information and issue a warning.
> While in the patrol car, Romero inspected the rental agreement and
> noticed that it was rented to a female who was not in the car. The
> driver explained that the renter was the front passenger's daughter's
> mother. The rental agreement also stated that the renter was the only
> authorized driver, and that the car could only be driven in Michigan.
> Romero then went back to the Altima to gather more information
> about the rental agreement from the front passenger.
>
> {¶ 8} When he approached the Altima the second time and leaned
> in the passenger window to speak with the front passenger, Romero
> testified that he smelled the odor of raw marijuana. At that point,
> another officer arrived, and appellant and the other passenger were

---

[1] The facts found by the appellate court of record "shall be presumed to be correct," and
the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing
evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert.
denied*, 527 U.S. 1040 (1999).

removed from the car, and the car was searched. Under the carpet near the center console, Romero found a small digital scale and three cellophane packages of white powder, which was later revealed to be 252 grams of heroin. A small amount of marijuana was also found in the passenger's side front door storage pouch.

{¶ 9} Once the car was transported to the Ohio State Highway Patrol post in Bowling Green, an inventory search revealed a backpack in the trunk that contained numerous rubber bands. Romero testified that rubber bands are often used to hold large amounts of cash.

{¶ 10} As part of the investigation, Lieutenant Scott Wyckhouse asked the occupants of the Altima to identify to whom each of the phones belonged. Appellant claimed one of the smart phones and one of the flip phones. Notably, the front seat passenger claimed an iPhone, and provided Wyckhouse with the password to unlock the phone. On the iPhone, Wyckhouse found several pictures that depicted appellant and the other occupants of the car, holding guns and approximately $90,000 in cash. Appellant was wearing the same clothes in the pictures as he was when he was arrested. In addition, the pictures also showed the backpack that was found in the car, as well as a 2–liter bottle of Sprite containing a purple substance, which was also found in the car. One of the pictures also showed appellant driving the Altima.

{¶ 11} Finally, text messages from appellant's flip phone were entered into evidence. Christopher McGee, who was the forensic computer specialist who downloaded the messages from the phone, testified that the messages were consistent with drug activity.

{¶ 12} Following the state's presentation of its case-in-chief, appellant moved for acquittal pursuant to Crim.R. 29, which the trial court denied. The defense then rested without calling any witnesses. The matter was submitted to the jury, which returned with a verdict of guilty on both counts, with the additional finding that the amount of the drug involved in both offenses equaled or exceeded 250 grams.

*State of Ohio v. Allen*, 2018-Ohio-887, ¶¶ 6-14 (6th App. Dist., Mar. 9, 2018).

## III.  Relevant State Procedural History

### A.  Indictment

Allen was indicted on October 4, 2014, for:

3

Count 1: Drug Possession (Heroin), R.C. 2925.11(C)(6)(f), felony of the first degree, with major drug offender specification, R.C. 2941.1410(A);

Count 2: Trafficking (Heroin), R.C. 2925.03(A)(2), 2925.03(C)(6)(g) felony of the first degree, with major drug offender specification, R.C. 2941.1410(A);

(ECF No. 9-1, PageID #: 95-97). At arraignment, Allen plead not guilty to all charges. (ECF No. 9-1, PageID #: 98).

**B.      Motions to Suppress**

On December 16, 2014, counsel for Allen informed the court that there were no suppression issues. (ECF No. 9-1, PageID #: 102). The same day, Allen also signed a waiver of time for speedy trial through the "completion of [the] case." (ECF No. 9-1, PageID #: 102, 104). On March 10, 2016, through new counsel, Allen moved to suppress evidence obtained during the stop and search of the vehicle. (ECF No. 9-1, PageID #: 120). The State objected on the basis that Allen lacked standing as he did not rent the rental car involved and was not otherwise an authorized driver of the rental car and thus had no expectation of privacy in the rental car or its contents. (ECF No. 9-1, PageID #: 133). On May 16, 2016, Allen filed a supplemental memorandum in support of his motion to suppress in which he claimed to have standing to challenge the search of the rental car. (ECF No. 9-1, PageID #: 137). On the same date, the State filed an opposition to the motion to suppress. (ECF No. 9-1, PageID #: 145-162). After a hearing, the trial court denied the motion to suppress. (ECF No. 9-1, PageID #: 163-166).

**C.      Motion to Dismiss Based on Speedy Trial Violation**

On October 14, 2016, Allen moved to dismiss the charges against him for denial of his right to a speedy trial. (ECF No. 9-1, PageID #: 167-172). The trial court denied the motion on October 24, 2016. (ECF No. 9-2, Page ID #: 384-385 and 173).

4

### D.  Trial and Guilty Verdict

A jury trial was held October 24-25, 2016. (ECF No. 9-1, PageID #: 173-174). The jury found Allen guilty of both counts in the indictment. (ECF No. 9-1, PageID #: 176-177). The jury further determined that the amount of heroin involved in each count equaled or exceeded 250 grams, making the defendant a Major Drug Offender ("MDO") under R.C. 2941.1410(A). (ECF No. 9-1, PageID #: 176-177).

### E.  Sentencing

The State agreed that Count 1 and Count 2 merged for the purpose of sentencing and elected to proceed to sentencing on Count 2. (ECF No. 9-1, PageID #: 174). The court sentenced Allen to eleven years' imprisonment followed by five years' post release control as well as a $10,000 fine. (ECF No. 9-1, PageID #: 179).

### F.  Direct Appeal

On appeal, Allen raised thirteen assignments of error:

1. Trial counsel failed to provide effective assistance under the Sixth Amendment when counsel failed to include in his motion to suppress illegally seized text messages from a cell phone purportedly belonging to the Appellant.

   Issue Presented for Review: Whether trial counsel was ineffective when he failed to exclude incriminating text messages from a cell phone illegally seized without a search warrant, or consent?

2. The Appellant failed to receive effective assistance of counsel under the Sixth Amendment when counsel failed to raise the proper objection to the admission of photographs from co-defendant Green's cell phone purportedly involving the Appellant's "purported" drug dealing and gun toting lifestyle.

   Issue Presented for Review: Whether trial counsel was ineffective when he failed to raise the proper objection to the admission of photographs of a non-testifying co-defendant whose was separated from the Appellant's case?

3. The trial court erred when it denied the Appellant's motion for acquittal of drug possession of heroin and trafficking in heroin, under favor of Rule 29, Ohio Rules of Criminal Procedure.

5

Issue Presented for Review: Whether the trial court should have entered a judgment of acquittal due to insufficiency of the evidence?

4. The Appellant's convictions of drug possession and drug trafficking, was [sic] against the manifest weight of the evidence.

   Issue Presented for Review: Whether the conviction of the Appellant was against the manifest weight of the evidence?

5. The Appellant's trial counsel failed to provide effective assistance of counsel under the Sixth Amendment when he failed to object to the forensic examiner's testimony as to his interpretation of text messages from the Appellant's cell phone.

   Issue Presented for Review: Whether the trial counsel was ineffective when he failed to object to a witness expert opinion when that witness was unqualified to render an opinion under Rule 702?

6. The trial court erred when it denied the motion to suppress evidence.

   Issue Presented for Review: Whether the trial court's denial of the motion to suppress was legally correct although the Appellant had standing to challenge his illegal seizure, detention and search by law enforcement?

7. The State's persistent questions to its witness as to trial counsel's failure to seek forensic testing, including DNA, fingerprint analysis, and other information, undermined the Appellant's right not to present evidence under favor of the Fifth Amendment, and violated his right to due process.

   Issue Presented for Review: Whether trial counsel was ineffective when he failed to object to the prosecutor's tactics of asking questions of its witness on the defense's failure to seek forensic or scientific evidence?

8. Trial counsel failed to provide effective assistance under the Sixth Amendment when he neglected to object to the State's failure to provide, before the motion hearing, a copy of the video dash cam of the traffic stop.

   Issue Presented for Review: Whether trial counsel was ineffective when he failed to object to the State's failure to comply to Rule 16, Ohio Rules of Criminal Procedure, by not providing a copy of the video footage of the traffic stop?

9. The State of Ohio engaged in prosecutorial misconduct by making inflammatory arguments in both opening and closing statements that improperly appealed to the community interest, which denied Appellant a fair trial.

Issue Presented for Review: Whether the improper arguments made by the prosecutor were so egregious that it violated the substantial rights of the Appellant and denied him a fair trial?

10. Trial counsel failed to provide effective assistance under the Sixth Amendment by failing to request a mere presence instruction.

Issue Presented for Review: Whether trial counsel was ineffective when he failed to request a mere presence instruction when such an instruction would be absolutely beneficial to the defense of these charges?

11. The trial court erred when it denied Appellant's motion to dismiss the indictment based on a speedy trial violation.

Issue Presented for Review: Whether the trial court's delay of the Appellant's trial was reasonable, after he revoked his previously executed speedy trial waiver?

12. The trial court erred by instructing the jury on complicity which the factual circumstances of the case did not merit, and resulted in denying the Appellant a fair trial.

Issue Presented for Review: Whether the trial court erred when it instructed the jury on complicity and it was not merited in the Appellant's case?

13. The Appellant was denied due process when the court, not the jury, made the finding that the Appellant was a "major drug offender," and he was sentenced accordingly.

Issue Presented for Review: Whether the trial court had the legal authority to impose the major drug offender finding, although it had not been submitted by the jury?

(ECF No. 9-1, PageID #: 203-206).

The Ohio Court of Appeals affirmed the judgement of the trial court. *Allen*, 2018-Ohio-887, ¶ 65. On March 19, 2018, Allen filed two pro se motions. The first motion was to certify a conflict between the appellate court's decision regarding the search of his cell phone and the First District Court of Appeals of Ohio case *State of Ohio v. Buck*, 1st Dist. Hamilton No. C-160320, 2017-Ohio-8242. (ECF No. 9-1, PageID #: 312-316). Allen also moved for reconsideration and request for reconsideration *en banc*. (ECF No. 9-1, PageID #: 317-321). On April 12, 2018, the state court of appeals denied both motions. (ECF No. 9-1, PageID #: 322-325).

### G. Appeal to the Ohio Supreme Court

On March 20, 2019, Allen appealed through counsel to the Ohio Supreme Court. (ECF No. 9-1, PageID #: 326). Allen's memorandum in support of jurisdiction raised the following propositions of law:

I.      Counsel failing to include in his motion to suppress illegally seized text messages from a cell phone purportedly belonging to the Defendant was inexcusable [sic] and failed effective assistance of counsel under the Sixth Amendment.

II.     Counsel failing to raise the proper objection to the admission of photographs from Co-Defendant Green's cell phone purportedly involving the Petitioner's "purported" drug dealing and gun toting lifestyle, rendered ineffective assistance of counsel under Sixth Amendment.

III.    The conviction [sic] entered herein were sufficient [sic] as a matter of law and charges heroin [sic] and trafficking in heroin, under favor of Rule 29, Ohio Rules of Criminal Procedure, should have not gone to the jury.

IV.    The Petitioner's convictions were against the manifest weight of the evidence.

V.     When trial counsel failed to object to the forensic examiner's testimony as to his interpretation of text messages of the Petitioner's cell phone, he failed to provide effective assistance of counsel under the Sixth Amendment.

VI.    A motion to suppress evidence should be granted when the State fails to prove search was lawful.

VII.   The State's persistent questions to its witness as to trial counsel's failure to seek forensic testing, including DNA, fingerprint analysis, and other information, undermined the Petitioner's right not to present evidence under favor of the Fifth Amendment, and violated his right to due process.

VIII.  Counsel failed to provide effective assistance under the Sixth Amendment when he neglected to object to the State's failure to provide before the motion hearing a copy of the video dash cam of the traffic stop.

IX. The State of Ohio engaged in prosecutorial misconduct by making inflammatory arguments in both opening and closing statements that improperly appealed to the community interest, which denied him a fair violated his due process rights, and denied him a fair trial.

X. Counsel's failure to request a mere presence instruction, shows that he failed to provide effective assistance under the Sixth Amendment by. [sic]

XI. When the court denied Petitioner's motion to dismiss the indictment based on a speedy trial violation, was a due process violation. [sic]

XII. The trial court's failure instructing the jury on complicity which the factual circumstances of the case did not merit it, and resulted in denying the petitioner a fair trial, and violated due process. [sic]

XIII. The Petitioner was denied due process when the court, not the jury, made the finding that the defendant was a "major drug offender," and he was sentenced accordingly.

(ECF No. 9-1, PageID #: 331-333). On August 15, 2018, the Ohio Supreme Court declined

jurisdiction. (ECF No. 9-1, PageID #: 352).

**IV.    Federal Habeas Corpus Petition**

On December 11, 2018, Allen petitioned pro se that this Court issue a writ of habeas corpus.

(ECF No. 1). Allen asserted the following grounds for relief:

> **GROUND ONE:** Trial counsel failed to provide effective assistance under the Sixth Amendment when counsel failed to include in his motion to suppress illegally seized text messages from a cell phone purportedly belonging to the Petitioner Terenzo D. Allen.
>
> **Supporting Facts:** Petitioner Terenzo D. Allen was illegally convicted of possession of illegal contraband found inside a vehicle in which he was merely a passenger. The Ohio Supreme Court and the Ohio Sixth District Court of Appeals simply chose to ignore the fact that Petitioner Allen's Motion to Suppress failed to include confiscation and search of the cell phone device without a warrant (which contained text messages illegally containing illicit drug conversations). Consequently, this amounts to ineffective assistance

9

of counsel, where trial counsel's failure to challenge evidence seized from the cell phone in the Motion to Suppress could not have been attributed to any reasonable trial strategy.

**GROUND TWO:** Petitioner Allen failed to receive effective assistance of counsel under the Sixth Amendment when counsel failed to raise the proper objection to the admission of photographs from co-defendant Green's cell phone purportedly involving Petitioner Allen's "purported" drug dealing and gun toting lifestyle.

**Supporting Facts:** The State prosecutor, during opening statements, referenced the co-defendant Green's cell phone pictures, which caused Petitioner Allen's trial counsel to lodge an objection based on an authentication grounds. However, it is obvious that the police would have been able to testify as to his observations of pictures viewed and photographed by them, without fear that these pictures could not be admitted based on authentication grounds.

**GROUND THREE:** Petitioner Allen's State conviction is insufficient as a matter of federal due process law. Therefore, the trial court erred when it denied Petitioner Allen's motion for acquittal of drug possession of heroin and trafficking in heroin, under the Sixth and Fourteenth Amendments and Ohio Rules of Criminal Procedure 29, - a protected liberty interest under federal constitutional law.

**Supporting Facts:** When viewed in a light most favorable to the State, in this case a reasonable juror could not conclude that the charges of the indictment were proven with evidence beyond a reasonable doubt. Specifically, in this case Petitioner Allen was not the driver, possessor, or owner of the rental vehicle which contained heroin and a digital scale found under the passenger floorboard. The State's evidence regarding the actions of Petitioner Allen during the traffic stop had not shown that he had knowledge of the drugs found inside the rental vehicle.

**GROUND FOUR:** Petitioner Allen's State convictions of drug possession and drug trafficking are against the manifest weight of the evidence.

**Supporting Facts:** The State conviction fails to meet the standard of being the greater amount of credible evidence to support the verdict of guilt against Petitioner Allen.

**GROUND FIVE:** Petitioner Allen's trial counsel failed to provide effective assistance of counsel under the Sixth Amendment when he failed to object to the forensic examiner's testimony as to his interpretation of text messages of Petitioner Allen's cell phone.

10

**Supporting Facts:** The State presented the testimony of Christopher McGhee, a forensic computer specialist, who testified that he retrieved information contained in the cell phones obtained from the rental vehicle. During his testimony, Mr. McGhee was repeatedly asked the meanings of words, and interpretations of text messages although he had not been qualified under Rule 702 of the Rules of Evidence to provide this type of opinion concerning drug trafficking. In fact, the State never attempted to establish his expertise in that regard.

**GROUND SIX:** The trial court erred when it denied Petitioner Allen's motion to suppress evidence.

**Supporting Facts:** The factual basis supporting the traffic stop was clearly erroneous.

**GROUND SEVEN:** The State's persistent questions to its witness as to Petitioner Allen's trial counsel's failure to seek forensic testing, including DNA, fingerprint analysis and other information, undermined Petitioner Allen's right not to present evidence under favor of the Fifth Amendment, and violated his right to due process.

**Supporting Facts:** The State attempted to improperly suggest that Petitioner Allen's trial counsel's failure to seek certain information was done because they had already concluded that there existed no positive information to be gained from their inquiries.

**GROUND EIGHT:** Petitioner Allen's trial counsel failed to provide effective assistance under the Sixth Amendment when he neglected to object to the State's failure to provide, before the motion hearing, a copy of the video dash cam of the traffic stop.

**Supporting Facts:** Under controlling discovery law consistent with *Brady v. Maryland*, the State must provide the defense with audio and video recorded statements. The State merely advanced that discovery was provided prior defense counsel for Petitioner Allen as being satisfactory compliance with discovery pursuant to *Brady*.

**GROUND NINE:** The State of Ohio engaged in prosecutorial misconduct by making inflammatory arguments in both opening and closing statements that improperly appealed to the community interest, which denied Petitioner Allen a fair trial.

**Supporting Facts:** The State prosecutor made grossly improper arguments, that improperly compelled the jury to act on a community interest argument and not based on the evidence. The prosecutor stated to the jury, among additional illegal inflammatory statements that Petitioner Allen "does not care about black or white

11

(people) living or dead…he needs to be held accountable so people will stop dying."

**GROUND TEN:** Petitioner Allen's trial counsel failed to provide effective assistance under the Sixth Amendment by failing to request a mere presence instruction.
      **Supporting Facts:** Given the complicity instruction relevant to this case, Petitioner Allen's trial counsel should have sought an instruction on mere presence association as being insufficient to establish complicity.

**GROUND ELEVEN:** The trial court erred when it denied Petitioner Allen's motion to dismiss the indictment based on a speedy trial violation.
      **Supporting Facts:** Petitioner Allen revoked the waiver of his speedy trial rights when new trial counsel entered his appearance. Consequently, at no point did the trial court specifically set forth reasons for an extension of time to extend the trial date pass [sic] the protected liberty interest of Ohio Revised Code Section 2945.72.

**GROUND TWELVE:** The trial court erred by instructing the jury on complicity which the factual circumstances of the case did not merit, and resulted in denying Petitioner Allen a fair trial.
      **Supporting Facts:** The State, through its testimony and evidence presented to the jury, failed to show that Petitioner Allen was acting in complicity to possess or traffic in drugs, or to support a conviction for complicity by aiding and abetting.

**GROUND THIRTEEN:** Petitioner Allen was denied due process when the trial court, not the jury, made the finding that the Petitioner Allen was a "major drug offender." And thereby sentenced Petitioner Allen accordingly.
      **Supporting Facts**: Here, the issue of whether Petitioner Allen was a major drug offender is similar to the United States Supreme Court decision in *Alleyne v. United States*, 570 U.S. __ (2013), where the trial court, not the jury, determined that Petitioner Allen was a major drug off ender.

(ECF No. 1 at 4-7).

**V.     Legal Standards**

      **A.     Jurisdiction**

Title 28 U.S.C. § 2254(a) authorizes district courts to entertain an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Court of Common Pleas of Wood County sentenced Allen, and Wood County is within this Court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Allen's § 2254 petition.

### B.      Cognizable Federal Claim

Under 28 U.S.C. § 2254(a), a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner's claim is not cognizable on habeas review if it "presents no federal issue at all." *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991). Thus, "errors in application of state law … are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."). A federal habeas court does not function as an additional state appellate court; it does not review state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Moreover, "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th 1998).

13

C.     **AEDPA Standard of Review**

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act, Pub.

L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To determine whether relief should be granted, the Court must use the "look-through"

methodology and look to the "last explained state-court judgment" on the petitioner's federal

claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) ("The essence of unexplained orders is that

they say nothing. We think that a presumption which gives them no effect—which simply 'looks

through' them to the last reasoned decision—most nearly reflects the role they are ordinarily

intended to play."); *Wilson v. Sellers*, 138 S. Ct. 1188, 1193 (2018) ("We conclude that federal

habeas law employs a 'look through' presumption.").

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at

a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case

differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v.*

*Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13

(2000)). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings,

as opposed to the dicta, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419

(2014) (quotations and citations omitted). "[U]nder the unreasonable application clause, a federal

habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The unreasonable application clause requires the state court decision to be more than incorrect or erroneous"—it must be "objectively unreasonable." *Id*.

Under § 2254(d)(2), "when a federal habeas petitioner challenges the factual basis for a prior state-court decision rejecting a claim, the federal court may overturn the state court's decision only if it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(d)(2)). A state-court decision is an "unreasonable determination of the facts" under § 2254(d)(2) only if the trial court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528 (2003). A state court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. *Wood v. Allen*, 558 U.S. 290, 301 (2010). Even if "[r]easonable minds reviewing the record might disagree" about the finding in question, "on habeas review that does not suffice to supersede the trial court's ... determination." *Rice v. Collins*, 546 U.S. 333, 341-42 (2006). The prisoner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." *Burt*, 571 U.S. at 18 (citing 28 U.S.C. § 2254(e)(1)).

For state prisoners, the § 2254(d) standard "is difficult to meet... because it is meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). This is because, "[a]s amended by AEDPA, § 2254(d) is meant only to stop short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Id*. 103. "It preserves authority to issue the writ in cases where there is no possibility [that] fairminded jurists could disagree that the state courts

15

decision conflicts with this Court's precedents" and "goes no further." *Id*. Thus, in order to obtain federal habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

## VI.     Discussion

For ease of discussion, the Court will address Allen's grounds for relief out of order as follows: A) Motion to Dismiss Indictment – Ground Eleven; B) Motion to Suppress – Ground Six; C) Ineffective Assistance of Counsel – Grounds One, Two, Five, Eight, and Ten; D) Prosecutorial Misconduct – Grounds Seven and Nine; E) Sufficiency of the Evidence – Ground Three; F) Manifest Weight of the Evidence – Ground Four G) Jury Instruction on Complicity – Ground Twelve; and H) Denial of Due Process Regarding MDO finding – Ground Thirteen.

### A.     Motion to Dismiss Indictment – Ground Eleven

Allen argues that his constitutional right to a speedy trial was violated by delaying his trial until the 495th day after his arrest in violation of Ohio Rev. Code § 2945.72. Although Allen had signed a speedy trial waiver, he argues that that waiver was rescinded when his new counsel moved for a trial date. In the return of writ, the Warden argues that "habeas ground eleven may be procedurally defaulted notwithstanding the authority that an adjudication of Ohio law in respect to speedy trial also implicates consideration of the constitutional question under the Sixth Amendment." (ECF No. 9 at 52). Nonetheless, this Court need not determine whether the issue is procedurally defaulted because, even assuming it is not, this issue fails on the merits.

In addressing this claim on appeal, the Ohio appeals court concluded that Allen's speedy trial rights were not violated:

{¶ 16} In his eleventh assignment of error, appellant argues that the trial court erred when it denied his motion, made on the morning of trial, to dismiss the indictment on speedy trial grounds. Appellant argues that his December 23, 2015 motion to schedule a trial revoked his previous waiver, and the trial court's delay in bringing him to trial was unreasonable.

{¶ 17} "Following an express, written waiver of unlimited duration by an accused of his right to a speedy trial, the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time." *State v. O'Brien*, 34 Ohio St.3d 7, 516 N.E.2d 218 (1987), paragraph two of the syllabus.

{¶ 18} Here, we cannot say that appellant's December 23, 2015 motion constituted a formal objection and demand for trial. Nowhere in the motion does appellant object to any further continuances or give any indication to the court that he is revoking his previous waiver. Instead, appellant simply moved to schedule the matter for a hearing and trial because he was now incarcerated— nine months after he failed to appear for a hearing and a bench warrant was issued—"and is therefore available for trial in the case." Therefore, we hold that appellant was not entitled to a discharge on speedy trial grounds.

{¶ 19} Accordingly, appellant's eleventh assignment of error is not well-taken.

*Allen*, 2018-Ohio-887, ¶¶ 16-19.

When a criminal defendant claims a violation of his Sixth Amendment right to a speedy trial, courts apply a "balancing test in which the conduct of both the prosecution and the defendant are weighed." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). In *Barker*, the United States Supreme Court identified the following factors to assess in evaluating speedy–trial violations: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. *Id*.

The Warden agrees that the first factor weighs somewhat in favor of Allen in that the 495-day delay meets the threshold as sufficiently long to trigger the analysis of the remaining factors.

17

(ECF No. 9 at 54). Indeed, courts have held that delays of over a year trigger an analysis of the remaining factors. *See Brown v. Romanowski*, 845 F.3d 703, 714 (6th Cir. 2017) ("A one-year delay is presumptively prejudicial and triggers analysis of the remaining *Barker* factors.") (citing *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992); *Maples v. Stegall*, 427 F.3d 1020, 1026 (6th Cir. 2005)). The court agrees that the first factor weighs in favor of Allen.

"In assessing the second factor, the reason for the delay, the court considers who is most at fault—the government or the defendant." *Brown*, 845 F.3d at 714 (citing *United States v. Schreane*, 331 F.3d 548, 554 (6th Cir. 2003)). "Governmental delays motivated by bad faith, harassment or attempts to seek a tactical advantage weigh heavily against the government. [ ] Negligence and unexplained delay also weigh against the government, albeit less heavily, but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Id.* (internal citations and quotation marks omitted). "The State bears the burden of explaining the cause of the delay." *Id.* (citations omitted).

The second factor weighs against Allen since he formally waived his right to a speedy trial until the "completion of [the] case." (ECF No. 9-1, PageID #: 104). Additionally, the length of the delay is otherwise attributable to Allen who failed to appear to his March 13, 2015 pretrial hearing as noted in the entry and order journalized on March 17, 2015. (ECF No. 9-1, PageID #: 109). The jury trial scheduled for April 14-16, 2015, was vacated at the request of defense counsel because Allen was a fugitive and a warrant issued for his arrest. (ECF No. 9-1, PageID #: 111). The order further stated that the trial would be rescheduled once Allen was in custody. (ECF No. 9-1, PageID #: 111).  On December 23, 2015, nine months later, Allen through counsel informed the court that he was incarcerated at Richland County Jail and moved to schedule his case for hearing and trial

as he was now "available". (ECF No. 9-1, PageID #:114). Nothing in the motion suggests a revocation of the prior waiver of speedy trial. (ECF No. 9-1, PageID #:114).

Accordingly, the second factor weighs heavily against Allen.

The third factor, defendant's assertion of the right, also weighs against Allen. Allen first raised his speedy trial argument on October 24, 2016, the first day of trial, asserting that the December 2015 motion to schedule a trial date "effectively withdrew his time waiver" and that the delay in bringing him to trial was unreasonable. (ECF No. 9-1, PageID #: 169). However, the appellate court correctly found that " '[f]ollowing an express, written waiver of unlimited duration by an accused of his right to a speedy trial, the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time.' " *Allen*, 2018-Ohio-887, ¶ 17 (quoting *State of Ohio v. O'Brien*, 34 Ohio St.3d 7 (1987), paragraph two of the syllabus). This Court agrees with the appellate court that "appellant's December 23, 2015 motion [did not] constitute[] a formal objection and demand for trial. Nowhere in the motion does appellant object to any further continuances or give any indication to the court that he is revoking his previous waiver. Instead, appellant simply moved to schedule the matter for a hearing and trial because he was now incarcerated—nine months after he failed to appear for a hearing and a bench warrant was issued— 'and is therefore available for trial in the case.'" *Allen*, 2018-Ohio-887, ¶ 18

Accordingly, the third factor weighs against Allen.

The fourth factor to be analyzed is whether the government's unreasonable delay caused prejudice to the defendant. "In this circuit, the defendant is required to show that the delay caused 'substantial prejudice.'" *Brown*, 845 F.3d at 716 (citations omitted). The defendant "need not point to 'affirmative proof of particularized prejudice' in every case." *Maples*, 427 F.3d at 1030

(quoting *Doggett*, 505 U.S.at 655). "Rather, stated the Court, 'we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify.'" *Id.*

"Presumption of prejudice is not automatically triggered, however, in every case in which there is a delay." *Maple*s, 427 F.3d at 1030 (citing *United States v. Howard*, 218 F.3d 556, 564 (6th Cir. 2000)). " '[P]resumptively prejudicial' for purposes of triggering the *Barker* four-factor inquiry is different from 'presumptively prejudicial' for purposes of assessing the prejudice prong. The first only requires that the delay have approached one year. The latter concerns whether the delay was excessive." *Maples*, 427 F.3d at 1030. When the accused is unable to articulate the harm caused by the delay, the reason for the delay helps determine whether the delay was presumptively prejudicial.

<u>Presumptive Prejudice</u>

Allen failed to revoke his speedy trial waiver until October 24, 2016, when he filed a written objection/motion to dismiss with the trial court. *See O'Brien*, 34 Ohio St. 3d 7, paragraph 2 of the syllabus (requiring both formal objection and request for trial in order to revoke express, written waiver of unlimited duration of defendant's speedy trial rights). Upon that revocation, the State needed to bring Allen to trial within a reasonable amount of time. *Id.* Which it did – the same day. Accordingly, there is no presumptive prejudice.

Even assuming Allen's December 2015 motion for trial met the requirements of *O'Brien*, the pre-trial delay in this case is sixteen months, which falls within the range of cases where the Sixth Circuit has found that the delay did not generate a presumption of prejudice. *See, e.g., United States v. Jackson*, 473 F.3d 660, 667 (6th Cir. 2007) (holding that a 20-month delay between indictment and arrest, attributable to government's negligence, "was not so long as to justify an

inference of prejudice at the fourth step of the *Barker* inquiry"); *Darnell v. Berry*, 182 F.3d 916, (6th Cir. 1999) (18-month delay not presumptively prejudicial); *United States v. Cook*, 181 F.3d 104 (6th Cir. 1999) (16-month period attributable to government not presumptively prejudicial); *United States v. Love*, 125 F.3d 856 (6th Cir. 1997) (17-19 month delay attributable to government-out of total 23 or 32 months-was significant but sufficiently rebutted because government proved delay did not impair defendant's defense); *United States v. Mundt*, 29 F.3d 233 (6th Cir. 1994) (although government responsible for one-half of 3 ½-year delay, government's diligent efforts to locate and prosecute defendant favored government); *United States v. Mulligan*, 520 F.2d 1327 (6th Cir. 1975) (25-month total delay did not give rise to speedy trial violation where only part of the total delay was due to government, and defendant had not timely asserted his right); *United States v. Breeding*, 663 F.2d 1073 (6th Cir. 1981) (upholding denial of speedy trial claim where delay was 21 months); *United States v. Love*, 178 F.3d 1297 (6th Cir. 1999) (discussing only actual prejudice, even where delay was 21 months). Accordingly, even if Allen's motion for trial revoked his speedy trial waiver, the delay in bringing him to trial was not presumptively prejudicial.

<u>Actual Prejudice</u>

Actual prejudice "should be assessed 'in the light of' three interests: (1) to prevent oppressive pretrial incarceration, (2) to minimize anxiety and concern, and (3) to minimize damage to the defense." *Brown*, 845 F.3d at 716 (quoting *Barker*, 407 U.S. at 532). "The third factor is 'the most serious,' 'because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.'" *Id*. (quoting *Barker*, 407 U.S. at 532).  Here, Allen has not argued that he suffered actual prejudice nor provided evidence of actual prejudice.

Accordingly, the fourth *Barker* factor also weighs against Allen.

In sum, although the first *Barker* factor favors Allen, the remaining three factors weigh against him. Most significantly, Allen has not demonstrated that the government failed to bring him to trial within a reasonable time following his revocation of his speedy trial waiver, nor has he met his burden of establishing substantial prejudice.

The Court recommends denying Ground Eleven as meritless.

### B.     Motion to Suppress – Ground Six

Allen asserts that the trial court erred by denying his motion to suppress evidence because the factual basis for the traffic stop was clearly erroneous. (ECF No. 1 at 5). In the return of writ, Respondent argues that the claim is non-cognizable. (ECF No. 9 at 40). Respondent asserts that Ohio afforded Allen "ample opportunity to litigate the suppression of evidence". (ECF No. 9 at 40).

The Court agrees with Respondent that the Allen has not presented a cognizable Fourth Amendment argument. In considering a Fourth Amendment claim on habeas review, a district court must "make two distinct inquiries… [First,] whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim…. Second, … whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982) (citations omitted). If a petitioner cannot demonstrate both elements, then his Fourth Amendment claim is non-cognizable. *Id.*

The Sixth Circuit has long held that Ohio courts provide, in the abstract, procedural mechanisms to raise Fourth Amendment claims under Ohio Crim. R. 12 and Ohio App. Rs. 3 and 5. *Id.* Allen does not assert specifically that those mechanisms failed him, thereby frustrating him presentation of the issue. Moreover, the record demonstrates that Allen moved to suppress the evidence (ECF No. 9-1, PageID #: 120), supplemented that motion (ECF No. 9-1, PageID #: 136),

was granted an evidentiary hearing on the motion to suppress evidence (ECF No. 9-1, PageID #: 163), the motion was denied (ECF No. 9-1, PageID #: 163-166), appealed the denial of his suppression motion to the Ohio Court of Appeals (ECF No. 9-1, PageID #: 219-223), which affirmed the conviction (ECF No. 9-1, PageID #: 311); and appealed to the Ohio Supreme Court (ECF No. 9-1, PageID #: 330), which denied jurisdiction (ECF No. 9-1, PageID #: 352).

Accordingly, the Court recommends dismissing Allen's Fourth Amendment argument concerning his motion to suppress as non-cognizable. *Riley*, 674 F.2d at 526-27.

### C.    Ineffective Assistance of Counsel – Grounds One, Two, Five, Eight, and Ten

In Grounds One, Two, Five, Eight, and Ten, Allen argues that his trial counsel was ineffective. The Warden argues that each of the grounds for relief is meritless.

The state court of appeals examined each of these claims on direct appeal. *Allen*, 2018-Ohio-887 at ¶¶ 27-41. The state court's adjudication appropriately cited *Strickland v. Washington*, 466 U.S. 668 (1984) for all these habeas claims, stating:

> To prevail on a claim of ineffective assistance of counsel, appellant must satisfy the two-prong test developed in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That is, appellant must demonstrate that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Id.* at 687–688, 694. "The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id*. at 697.

*Allen*, 2018-Ohio-887 at ¶ 28 (citing *Strickland*, 466 U.S. at 697). For Allen's ineffective assistance of counsel claims asserted in Grounds One, Two, Five, and Eight, the state court of appeals determined that Allen failed to satisfy the second prong of *Strickland* in that he failed to show that but for the error, the result of his trial would have been different. For the ineffective assistance of

counsel claim asserted in Ground Ten, the state court of appeals found that the first *Strickland*

prong was not met as there was no error.

When a state court reaches the merits of an ineffective assistance of counsel claim, federal

habeas courts provide AEDPA deference to that adjudication under § 2254(d). *Perkins v. McKee*,

411 F. App'x 822, 828 (6th Cir. 2011). "When a federal claim has been presented to a state court

and the state court has denied relief, it may be presumed that the state court adjudicated the claim

on the merits in the absence of any indication or state-law procedural principles to the contrary."

*Harrington*, 562 U.S. at 99. Also, in *Harrington*, the Supreme Court emphasized the double layer

of deference that federal courts must give state courts in reviewing *Strickland* claims under

AEDPA:

> As a condition for obtaining habeas corpus from a federal court, a
> state prisoner must show that the state court's ruling on the claim
> being presented in federal court was so lacking in justification that
> there was an error well understood and comprehended in existing
> law beyond any possibility for fairminded disagreement. ... An
> ineffective-assistance claim can function as a way to escape rules of
> waiver and forfeiture and raise issues not presented at trial, and so
> the *Strickland* standard must be applied with scrupulous care, lest
> intrusive post-trial inquiry threaten the integrity of the very
> adversary process the right to counsel is meant to serve. ... Federal
> habeas courts must guard against the danger of equating
> unreasonableness under *Strickland* with unreasonableness under §
> 2254(d). When § 2254(d) applies, the question is not whether
> counsel's actions were reasonable. The question is whether there is
> any reasonable argument that counsel satisfied *Strickland*'s
> deferential standard.

*Perkins*, 411 Fed. Appx. at 828 (quoting *Harrington*, 131 S.Ct. 770, 786–788).

In Ground One, Allen asserts that his trial counsel was ineffective for failing to include in

the motion to suppress "illegally seized text messages from a cell phone purportedly belonging"

to him. (ECF No. 1 at 4). Allen claims that the state court of appeals ignored this argument on

appeal. (ECF No. 1 at 4).

24

Allen is incorrect as the state court of appeals reviewed this claim on its merits in his direct appeal and stated:

> {¶ 29} In his first assignment of error, appellant asserts that counsel was ineffective for failing to move to suppress the text messages that were retrieved from appellant's cell phone without a warrant. Appellant argues that the text messages—which tended to show appellant's involvement in drug trafficking—should have been excluded from the trial. In support, appellant relies on *State v. Smith*, 124 Ohio St.3d 163, 2009–Ohio–6426, 920 N.E.2d 949, ¶ 29, in which the Ohio Supreme Court held, "[T]he warrantless search of data within a cell phone seized incident to a lawful arrest is prohibited by the Fourth Amendment when the search is unnecessary for the safety of law-enforcement officers and there are no exigent circumstances."
>
> {¶ 30} Further, appellant argues that the exclusion of those text messages would have resulted in a different outcome at trial because the state's case against him was "circumstantial and somewhat weak because the drugs were found in a rental vehicle where the Appellant was only a backseat passenger." Moreover, appellant asserts that there was no evidence that appellant rented the vehicle or had dominion or control over the items inside the vehicle other than the cell phone.
>
> {¶ 31} We disagree, and find that appellant has not demonstrated a reasonable probability that the result of the proceedings would have been different. Here, contrary to appellant's assertion, significant evidence existed showing that he was not merely a backseat passenger. Namely, the evidence contained pictures from the front seat passenger's iPhone in which appellant, while wearing the same clothes as at the time of his arrest, is surrounded by guns and large stacks of money, and another picture where appellant is driving the black Altima. Thus, appellant was not merely a passenger, but rather shared the intent of his fellow car occupants to possess and traffic large quantities of heroin. Therefore, we hold that appellant has not satisfied the second prong of the *Strickland* test, and his argument of ineffective assistance on these grounds must fail.

Allen, 2018-Ohio-887, ¶¶ 29-31.

Allen does not argue how the above-quoted state court of appeals' determination was contrary to or an unreasonable application of *Strickland*. Moreover, because the state court of

25

appeals adjudicated his ineffective assistance of counsel claim on the merits, there is a double layer of deference applicable to the Court's review of an ineffective assistance of counsel claim. *Harrington*, 131 S. Ct. at 788. Here, Allen has failed to overcome the double and highly deferential standards applicable to the Court's review of his *Strickland* claims. He has not shown that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, 565 U.S. 23, 24, 132 S. Ct. 26, 27, 181 L. Ed. 2d 328 (2011) (quoting *Harrington*, 131 S. Ct. at 786–787. In fact, this Court's review indicates that the factual review of the state court of appeals was amply supported by the record and its legal analysis followed the dictates of *Strickland*. Accordingly, Ground One should be dismissed as meritless.

In Ground Two, Allen asserts that his trial counsel was ineffective for failing to object to the admission of photographs from a codefendant's phone, which depicted Allen's "drug dealing and gun toting lifestyle." (ECF No. 1 at 4). In support of this ground, Allen states: "The State prosecutor, during opening statements, referenced the co- defendant Green's cell phone pictures, which caused Petitioner Allen's trial counsel to lodge an objection based on an authentication grounds. However, it is obvious that the police would have been able to testify as to his observations of pictures viewed and photographed by them, without fear that these pictures could not be admitted based on authentication grounds." (ECF No. 1 at 4). It is unclear from the supporting facts or Allen's stated ground for relief what error he claims the state court made in determining this issue on direct appeal. Allen appears to argue that it was fruitless to argue authentication in the objection.  However, he offers no other argument on what his counsel should or should not have done, nor how that alternative tactic would have impacted his trial. Because Allen wholly failed to develop this argument, the Court can find no merit in it.

26

To the extent Allen now argues that his trial counsel failed to raise proper objections to the admission of photographic evidence, the court of appeals addressed this issue on the merits and stated:

> {¶ 33} In his second assignment of error, appellant argues that trial counsel was ineffective for failing to raise the proper objection to the admission of the iPhone photographs. At trial, counsel objected to the admission of the photographs on the basis of authenticity. Appellant now argues that a better objection would have been on relevance under Evid.R. 401 or undue prejudice under Evid.R. 403(A). Appellant asserts that the photographs were not relevant because the front seat passenger was not a co-defendant in the same trial, and there were no charges of drug conspiracy.

> {¶ 34} Here, appellant was charged with drug possession and drug trafficking. Although charged as a principal offender, the indictment necessarily included charges of complicity. R.C. 2923.03(F) provides that "A charge of complicity may be stated in terms of this section, or in terms of the principal offense." "This provision places defendants on notice that the jury may be given a complicity instruction even though the defendant has been charged as a principal offender." *State v. Keenan*, 81 Ohio St.3d 133, 151, 689 N.E.2d 929 (1998). Thus, the photographs of appellant and the other occupants of the car engaging in activities that are consistent with drug trafficking are highly relevant to the issue of whether appellant was complicit in the possession and trafficking of the heroin. Furthermore, any prejudice associated with those photographs does not substantially outweigh their probative value. Therefore, we hold that appellant has failed to demonstrate a reasonable probability that the photographs would have been excluded but for counsel's failure to object under Evid.R. 401 or 403(A).

> {¶ 35} Accordingly, appellant's second assignment of error is not well-taken.

*Allen*, 2018-Ohio-887, ¶¶ 33-35. Allen has not argued any error in this analysis, let alone demonstrated the level of error required in this AEDPA review. Similarly, this Court finds no error in the analysis performed by the state appellate court.

In Ground Five, Allen asserts that his trial counsel was ineffective for not objecting to the forensic examiner's testimony regarding the text messages on Allen's cell phone. (ECF No. 1 at

27

5). In support, Allen argues that during the testimony of forensic computer specialist Christopher McGhee, "Mr. McGhee was repeatedly asked the meanings of words, and interpretations of text messages although he had not been qualified under Rule 702 of the Rules of Evidence to provide this type of opinion concerning drug trafficking.  In fact, the State never attempted to establish his expertise in that regard." (ECF No. 1 at 5).

The state court of appeals addressed this issue on the merits and stated:

> {¶ 36} In his fifth assignment of error, appellant argues that trial counsel was ineffective for failing to object to McGhee's testimony regarding the meaning and interpretation of words contained in the text messages from appellant's phone. Appellant argues that McGhee's testimony was improper because he was not qualified as an expert under Evid.R. 702. However, as we held in appellant's first assignment of error, even if the text messages had been entirely excluded, appellant has not demonstrated a reasonable probability that the result of the proceedings would have been different in light of the remaining incriminating evidence.

> {¶ 37} Accordingly, appellant's fifth assignment of error is not well-taken.

*Allen*, 2018-Ohio-887, ¶¶ 36-37. Allen has not argued any error in this analysis, let alone demonstrated the level of error required in this AEDPA review. The appellate court's review of the substantial other evidence in support of Allen's conviction wholly supported its finding that Allen could establish no prejudice from the failure to exclude these messages.  As such, this Court finds no error in its conclusion.  Accordingly, Ground Five should be denied as meritless.

In Ground Eight, Allen asserts that his trial counsel was ineffective for failing to object to the State's failure to provide the dash cam video of the traffic stop prior to the motion hearing. (ECF No. 1 at 6). In support, Allen argues "Under controlling discovery law consistent with *Brady v. Maryland*, the State must provide the defense with audio and video recorded statements.  The

28

State merely advanced that discovery was provided prior defense counsel for Petitioner Allen as being satisfactory compliance with discovery pursuant to *Brady*." (ECF No. 1 at 6).

The state court of appeals addressed this issue on the merits and stated:

> {¶ 38} In his eighth assignment of error, appellant argues that trial counsel was ineffective for failing to object to the state's failure to provide a copy of the dash cam video of the traffic stop before the suppression hearing. In this case, prior defense counsel had received a copy of the video, but appellant's new trial counsel did not receive a copy until the day of the suppression hearing. Trial counsel was then given an opportunity to supplement his motion to suppress. Appellant, though, makes no specific argument as to how having access to the video earlier would have changed the outcome of the proceedings. Therefore, we hold that appellant again has not satisfied the prejudice prong of the *Strickland* test.

> {¶ 39} Accordingly, appellant's eighth assignment of error is not well-taken.

*Allen*, 2018-Ohio-887, ¶¶ 38-39. Allen has not argued any error in this analysis, let alone demonstrated the level of error required in this AEDPA review. Moreover, this Court, like the state appellate court, cannot ascertain any possible prejudice that could flow from Allen's alleged error. Counsel was given the opportunity to supplement the motion to suppress, and Allen has never argued that the video contained anything that ultimately supported his motion to suppress. Accordingly, Ground Eight should be denied as meritless.

Finally, in Ground Ten, Allen asserts that his trial counsel was ineffective for failing to request a "mere presence" jury instruction. (ECF No. 1 at 6). In support, Allen argues a mere presence instruction was necessary as the facts were insufficient to establish complicity. (ECF No. 1 at 6).

The state court of appeals addressed this issue on the merits and stated:

> {¶ 40} In his tenth assignment of error, appellant argues that counsel was ineffective for failing to request a jury instruction on mere

29

presence association as being insufficient to establish complicity. "A court's jury instructions should contain plain, unambiguous statements of the law, which are applicable to the case and evidence presented to the jury." *State v. Hernandez*, 6th Dist. Lucas Nos. L–06–1388, L–06–1389, 2009–Ohio–386, ¶ 75, citing *Marshall v. Gibson*, 19 Ohio St.3d 10, 12, 482 N.E.2d 583 (1985). "The jury instructions provided by the trial court must be confined to the issues raised by the pleadings and the evidence." *Id*., citing *Becker v. Lake Cty. Mem. Hosp. W*., 53 Ohio St.3d 202, 560 N.E.2d 165 (1990). Here, the photographic evidence demonstrated that appellant was not just merely present in the vehicle where the heroin was found, but was participating with the other occupants of the car in the trafficking and possession of the drugs. Thus, a jury instruction on mere presence would not have been appropriate, and counsel was not ineffective for failing to request such an instruction. *See State v. Perkins*, 8th Dist. Cuyahoga No. 83659, 2004–Ohio–4915, ¶ 47–51 ("mere presence" instruction not warranted where the evidence does not support the same).

{¶ 41} Accordingly, appellant's tenth assignment of error is not well-taken.

*Allen*, 2018-Ohio-887, ¶¶ 40-41. Allen has not argued any error in this analysis, let alone demonstrated the level of error required in this AEDPA review. This Court agrees that the photographic evidence of Allen in the vehicle firmly established that he was an active participant in the illegal activity. The appellate court therefore did not err in its analysis. Accordingly, Ground Ten should be denied as meritless.

Based on the foregoing, the undersigned recommends that the Court find that the state court of appeals' determination that Allen's ineffective assistance of counsel claims were without merit was not contrary to or an unreasonable application of clearly established federal law and DENY Grounds One, Two, Five, Eight, and Ten.

### D.     Prosecutorial Misconduct – Grounds Seven and Nine

In Grounds Seven and Nine, Allen argues that the prosecutor engaged in misconduct during his trial. In Ground Seven, Allen asserts that the prosecutor engaged in misconduct by questioning

a State's witness about defense counsel's failure to seek forensic testing, including DNA and fingerprint analysis, thereby violating his Fifth Amendment right not to present evidence. (ECF No. 1 at 5). In Ground Nine, Allen asserts that the prosecutor made inflammatory remarks during closing argument, thereby denying him a fair trial.[2] Specifically, Allen argues that the prosecutor stated that "Allen 'does not care about black or white (people) living or dead…he needs to be held accountable so people will stop dying.'" (ECF No. 1 at 6).

The state court of appeals addressed these issues on direct appeal and stated:

> {¶ 42} [ ] "[T]he standard for prosecutorial misconduct is whether the comments and/or questions were improper, and, if so, whether they prejudiced appellant's substantial rights." *State v. Treesh*, 90 Ohio St.3d 460, 480, 739 N.E.2d 749 (2001).

> {¶ 43} In his seventh assignment of error, appellant argues that the state violated due process and his Fifth Amendment right not to present evidence when it questioned Romero on whether a defendant is allowed to forensically test the evidence in a case. Notably, the state asked Romero these questions on redirect examination, after appellant cross-examined Romero on whether any fingerprint or DNA analysis had been conducted on the packages of heroin, the backpacks, and the phones.

> {¶ 44} Here, we find that the prosecutor's questioning did not prejudice appellant's substantial rights. Immediately after the prosecutor's exchange with Romero, the trial court instructed the jury, "I want to remind you at this point that the burden is solely on the State of Ohio, the defendant does not have to produce any evidence." The Ohio Supreme Court has held that "A jury is presumed to follow the instructions, including curative instructions, given it by a trial judge." *State v. Cepec*, 149 Ohio St.3d 438, 2016–Ohio–8076, 75 N.E.3d 1185, ¶ 77. Thus, even if we assume that the prosecutor's comments were improper, we find no prejudice because of the trial court's curative instruction.

> {¶ 45} Accordingly, appellant's seventh assignment of error is not well-taken.

---

[2] Allen's ground for relief additionally mentions prosecutorial misconduct in opening statement, but the supporting facts speak only to the comments made during closing argument and in rebuttal.

{¶ 46} In his ninth assignment of error, appellant argues that the prosecutor's opening and closing arguments improperly appealed to the community interest and denied appellant of a fair trial. In making closing arguments, a prosecutor "must avoid insinuations and assertions which are calculated to mislead the jury." *State v. Smith*, 14 Ohio St.3d 13, 14, 470 N.E.2d 883 (1984). The Ohio Supreme Court has also recognized that while the prosecution is "entitled to 'some latitude and freedom of expression' in summation," appeals to emotion can be improper. *State v. Keenan*, 66 Ohio St.3d 402, 409, 613 N.E.2d 203 (1993), quoting *State v. Woodards*, 6 Ohio St.2d 14, 26, 215 N.E.2d 568 (1966). "[A] conviction based solely on the inflammation of fears and passions, rather than proof of guilt, requires reversal." *Id.*, quoting *State v. Williams*, 23 Ohio St.3d 16, 20, 490 N.E.2d 906 (1986).

{¶ 47} Here, the prosecutor stated near the beginning of his closing argument,

> The heroin involved in this case was a means to an end, that's what this is all about. When you are a drug trafficker you need accomplices, you need a supplier, you need buyers, it's a business. Nobody does it on their own. If there were no users, there would be no drug trafficking. If there were no suppliers, there would be no drug trafficking. And like any other business, every person in that chain of supply is going to take a cut of the profits or as was texted on the defendant's cell phone, "We'll split the pros." He's a businessman. The problem with that is the stuff he is pedaling is killing people left and right. He doesn't care about black or white, living or dead, he cares about that.

Then, as the last words of his rebuttal argument, the prosecutor stated, "When you come back, I ask that you come back with two guilty verdicts because he needs to be held accountable so people stop dying."

{¶ 48} We find that the prosecutor's statements are directed to inflame the passions of the jurors in relation to the ongoing heroin epidemic, and are therefore improper. Nonetheless, we do not find that this is a close case as appellant contends, but rather the photographic evidence overwhelmingly demonstrates that appellant was an active and willing participant in the possession and transport of the drugs. Therefore, we hold that appellant's substantial rights

32

were not prejudiced. *See State v. Steed*, 2016–Ohio–8088, 75 N.E.3d 816, ¶ 44–49 (6th Dist.).

{¶ 49} Accordingly, appellant's ninth assignment of error is not well-taken.

*Allen*, 2018-Ohio-887, ¶¶ 42-49.

"In examining alleged prosecutorial misconduct on habeas review, this Court can only provide relief 'if the relevant misstatements were so egregious as to render the entire trial fundamentally unfair to a degree tantamount to a due process violation.'" *Washington v. Hofbauer*, 228 F.3d 689, 708 (6th Cir. 2000) (quoting *Caldwell v. Russell*, 181 F.3d 731, 736 (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 643-645 (1974))). "In assessing whether the alleged misconduct amounts to a constitutional deprivation, the court must view the totality of the circumstances." *Id.* (citing *Hayton v. Egeler*, 555 F.2d 599, 604 (6th Cir. 1977)). First, the court must determine if the comments were improper. *Id*. (citing *Boyle v. Million*, 201 F.3d 711, 717 (6th Cir. 2000)); *United States v. Eaton*, 784 F.3d 298, 309 (6th Cir. 2015). If the comments are found to be improper, the court must determine whether "the comments were sufficiently flagrant to warrant reversal by looking to four factors: 1) the likelihood that the remarks would mislead the jury or prejudice the accused; 2) whether the remarks were isolated or extensive; 3) whether the remarks were deliberately or accidentally presented to the jury; 4) whether other evidence against the defendant was substantial." *Id.* (citing *Boyle,* 201 F.3d at 717; *United States v. Carroll*, 26 F.3d 1380, 1385 (6th Cir. 1994); *Eaton*, 784 F.3d at 309.

<u>Ground Seven</u>

On cross-examination of Officer Romero, defense counsel asked the witness about the items found in the truck of the car and that he had not asked for DNA or fingerprint analysis to determine to whom the items belonged. (ECF No. 9-3, PageID #: 521). On redirect, the prosecutor

33

asked the witness whether the defense is allowed to test for fingerprints and DNA and whether the defense elected to do so in this case. (ECF No. 9-3, PageID #: 527). At that point the trial court instructed the jury that the burden is solely on the State, and the defendant does not have to produce any evidence. (ECF No. 9-3, PageID #: 527).

Generally, a prosecutor may not comment on the failure of a defendant to testify but may comment on the failure of the defense to produce evidence. *United States v. Porter*, 701 F.2d 1158, 1164 (6th Cir. 1983); *United States v. Peck*, 62 F. App'x 561, 569 (6th Cir. 2003). However, a comment regarding defense's failure to produce evidence may be improper if the statement was "either manifestly intended or was of such character that the jury would necessarily construe it as a comment on the failure of the defendant to testify." *Peck*, 62 F. App'x at 569. (internal quotations and citations omitted).

Here, the questions posed by the prosecutor do not remotely comment on Allen's election not to testify. The questions, instead, rebut the defense counsel's argument regarding lack of DNA or fingerprint analysis to determine the "owner" of the items from the trunk. The Court finds that the prosecutor's questions on redirect of Officer Romero were not improper, they were not manifestly intended to reflect on Allen's decision not to testify, and the questions were not of such character that the jury would necessarily view them as a reflection on Allen's silence. *See United States v. Barnes*, 704 Fed. Appx. 435, 437-438 (6th Cir. 2017) (prosecutor's comment that defense had the same subpoena powers as the government to produce witnesses was not an improper comment when done in response to the defense's argument about the prosecutor's failure to call a specific witness). Allen does not pass the first hurdle required to show prosecutorial misconduct.

Accordingly, Ground Seven should be denied as meritless.

Ground Nine

During closing argument, the prosecutor stated "the stuff [Allen] is pedaling is killing people left and right. He doesn't care about black or white, living or dead, he cares about [profits]." (ECF No. 9-3, PageID #: 538). On rebuttal, the prosecutor stated that Allen "needs to be held accountable so people stop dying." (ECF No. 9-3, PageID #: 544). The state court of appeals found the statements improper as they were directed to "inflame the passions of the jurors in relation to the ongoing heroin epidemic." *Allen*, 2018-Ohio-887, ¶ 48. Nonetheless, the court determined that Allen was not prejudiced by these comments given the overwhelming evidence of Allen's guilt. *Allen*, 2018-Ohio-887, ¶ 48.

Even assuming the prosecutor's comments were improper, they were not "sufficiently flagrant to warrant a reversal." *Eaton*, 784 F.3d at 309. First, any prejudice or misleading effect from the remarks was limited by the trial court's jury instruction that closing argument is not evidence and the jurors should not be influenced by any consideration of sympathy or prejudice and that they must "[c]onsider all the evidence and make your finding with intelligence and impartiality, and without bias, sympathy or prejudice, so that both the State of Ohio and the defendant will feel that their case was fairly and impartially tried." (ECF No. 9-3, PageID #: 538). Second, when viewing the remarks under the totality of the circumstances (*see Washington*, 228 F.3d at 708), the prosecutor's remarks were not extensive, lengthy arguments, but, rather, were comprised of roughly three sentences. Third, although the comments were made deliberately, they were isolated and spanned only a few short sentences. *See Taylor v. Sheldon*, No. 1:18-CV-231, 2020 WL 896511, at *3 (N.D. Ohio Feb. 25, 2020), *appeal dismissed sub nom. Taylor v. Eppinger*, No. 21-3321, 2021 WL 2763301 (6th Cir. June 17, 2021). Fourth, the evidence against the Allen, and relied upon by the court of appeals, was substantial. Such evidence included text messages,

photographs showing Allen and the other passengers of the car possessing guns and approximately $90,000 in cash; and Allen and the others were then found wearing the same clothes as in the photographs, with no guns or money, but with 252 grams of heroin. For these reasons, this Court finds that any error was not flagrant but was, indeed, harmless, just as the state court reasonably concluded. *Cristini v. McKee*, 526 F.3d 888, 902 (6th Cir. 2008); *see also United States v. Acosta*, 924 F.3d 288, 307 (6th Cir. 2019) (Prosecutorial misconduct is not flagrant, and therefore does not mandate reversal, when the misconduct is "outweighed by the strength of the government's evidence.").

Accordingly, Ground Nine should be denied as meritless.

### E.     Sufficiency of the Evidence – Ground Three

In Ground Three, Allen asserts that his convictions were against the sufficiency of the evidence. Allen raised this issue on direct appeal; the state court of appeals ruled as follows:

> {¶ 53} In his third assignment of error, appellant argues that the trial court erred when it denied his Crim. R. 29 motion for acquittal. The denial of a motion for acquittal under Crim. R. 29(A) "is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence." *State v. Tenace*, 109 Ohio St.3d 255, 2006–Ohio–2417, 847 N.E.2d 386, ¶ 37. In reviewing a conviction for sufficiency, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

> {¶ 54} Here, appellant was charged with possession of drugs under R.C. 2925.11(A), which provides, "No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog," and trafficking in drugs under R.C. 2925.03(A)(2), which states, "No person shall knowingly do any of the following: * * * (2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a

controlled substance analog is intended for sale or resale by the offender or another person."

{¶ 55} Appellant argues that there is no evidence in the record that demonstrates that he had any knowledge that the drugs were hidden in the car, and his mere presence in the backseat of the car is insufficient to support his convictions. We disagree. When viewed in a light most favorable to the prosecution, the evidence shows that appellant, rather than being an innocent and naïve passenger, was instead joined in an endeavor with the other occupants of the car to possess and transport over 250 grams of heroin, which the testimony revealed was over 1000 times the amount typically possessed for individual use. In the photographs, appellant and the other occupants were seen possessing guns and approximately $90,000 in cash. Appellant and the others are then found, wearing the same clothes, with no guns or money, but instead transporting 252 grams of heroin. Based upon this evidence, a rational trier of fact could have found that appellant knowingly possessed and was transporting the drugs with reasonable cause to believe that they would be sold or resold. Therefore, we hold that the trial court did not err when it denied appellant's Crim. R. 29(A) motion for acquittal.

{¶ 56} Accordingly, appellant's third assignment of error is not well-taken.

*Allen*, 2018-Ohio-887, ¶¶ 53-56. The state court of appeals relied on state law, rather than federal law, in addressing the sufficiency of the evidence claim. The state court, however, relied on *State v. Tenace*, 109 Ohio St.3d 255, 2006–Ohio–2417, 847 N.E.2d 386, ¶ 37 and *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) (syllabus), which follow the sufficiency of evidence standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). Thus, the issue is whether the state court decision was an unreasonable application of clearly established federal law; in other words, whether the state court identified the correct governing legal principle from Supreme Court decisions, but unreasonably applied that principle to the facts of Allen's case. *Williams*, 529 U.S. at 410-412; *Bolton v. Harris*, No. 1:18CV1164, 2021 WL 1930239, at *31 (N.D. Ohio Apr. 7, 2021), *report and recommendation adopted*, No. 1:18 CV 1164, 2021 WL 1929117 (N.D. Ohio May 13, 2021).

Under *Jackson*, a sufficiency of the evidence claim is reviewed by determining whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 443 U.S. at 319; *see also Cavazos*, 565 U.S. at 7; *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990). The state court correctly identified and applied the governing legal principle as set forth in *Jackson*. *See Allen*, 2018-Ohio-887, ¶¶ 54-55.

On habeas review, "the *Jackson v. Virginia* standard is so demanding that '[a] defendant who challenges the sufficiency of the evidence to sustain his conviction faces a nearly insurmountable hurdle.' " *Davis v. Lafler*, 658 F.3d 525, 534 (6th Cir. 2011) (*en banc*), *cert. denied*, 566 U.S. 947 (2012) (quoting *United States v. Oros*, 578 F.3d 703, 710 (7th Cir. 2009)). The Supreme Court has affirmed that "*Jackson* claims face a high bar in federal habeas proceedings." *Coleman*, 566 U.S. at 651. A federal habeas court may overturn the state court's sufficiency of the evidence decision "only if the state court decision was 'objectively unreasonable.' " *Id*. (citing *Cavazos*, 565 U.S. at 4).

A sufficiency of the evidence claim "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir.), cert. denied, 537 U.S. 980 (2002) (quoting *Jackson*, 443 U.S. at 324 n.16). Thus, the federal court must look to state law to determine the elements of the crime. *See Palmer v. Palmer*, No. 1:15-CV-458, 2018 WL 7891722, at *15 (W.D. Mich. Oct. 29, 2018), *report and recommendation adopted*, No. 1:15-CV-458, 2019 WL 1429258 (W.D. Mich. Mar. 29, 2019) (citing *Johnson v. United States*, 559 U.S. 133, 138 (2010) ("We are, however, bound by the Florida Supreme Court's interpretation of state law, including its determination of the elements ...."); *Jackson*, 443 U.S. at 324 n.16 ("The respondents have suggested that this constitutional

standard will invite intrusions upon the power of the States to define criminal offenses. Quite to the contrary, the standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law.").

To be guilty of possession under Ohio R.C. 2925.11(A), the offender must 'knowingly obtain, possess, or use a controlled substance or a controlled substance analog."  To be guilty of trafficking under Ohio R.C. 2925.03(A)(2) the offender must knowingly "[p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person." Here, the state court's opinion, quoted above, recounts the evidence that supports a conviction on the elements of drug possession and drug trafficking. *Allen*, 2018-Ohio-887, ¶55.

Reviewing the state court's determination on these issues, this court cannot find that the state court's decision is an objectively unreasonable application of federal law. The evidence supporting the convictions included photographs showing Allen and the other passengers of the car possessing guns and approximately $90,000 in cash; and Allen and the others are then found wearing the same clothes as in the photographs, with no guns or money, but with 252 grams of heroin. Allen has failed to demonstrate that the state court determination resulted in a decision that involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Consequently, Ground Six should be denied.

### F.     Manifest Weight of the Evidence – Ground Four

In Ground Four of his petition, Allen asserts that his convictions are against the manifest weight of the evidence.  The Warden argues that this claim is not cognizable because a manifest weight of the evidence claim is not cognizable on federal habeas review. (ECF No. 9 at 36).  The

Court agrees with the Warden that manifest-weight-of-the-evidence questions do not present federal issues. *See Gulley v. Hall,* No. 5:09-CV-00441, 2010 WL 1438809, at *8 (N.D. Ohio Mar. 22, 2010), *report and recommendation adopted,* No. 5:09CV441, 2010 WL 1438807 (N.D. Ohio Apr. 9, 2010); *see also Steele v. Tambi*, Case No. 1:05-CV-00178, 2007 U.S. Dist. LEXIS 33318, at *38 (N.D. Ohio 2007). It is well-settled that claims regarding the manifest weight of the evidence are state law claims that cannot be reviewed in a federal habeas proceeding. *See, e.g., Walker,* 703 F.2d at 969 (noting that the due process clause does not provide relief for defendants whose convictions are against the manifest weight of the evidence; it provides relief only for those convicted without sufficient proof to allow a finding of guilt beyond a reasonable doubt). Accordingly, the Court concludes that Allen's Ground Four claim for relief is not cognizable and should be dismissed.

### G. Jury Instruction on Complicity – Ground Twelve

In Ground Twelve, Allen asserts that the trial court erred by giving the jury instruction on "complicity" because the facts did not support the instruction. The Warden argues that this ground is not cognizable. This Court agrees.

"Generally speaking, a state court's interpretation of the propriety of a jury instruction under state law does not entitle a habeas claimant to relief." *Rashad v. Lafler*, 675 F.3d 564, 569 (6th Cir. 2012) (citing 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)); *Dalmida v. Turner*, No. 19-3627, 2020 WL 7873080, at *5 (6th Cir. July 22, 2020). "The exception is when the instruction is so flawed as a matter of state law as to 'infect[ ] the entire trial' in such a way that the conviction violates federal due process." *Id*. (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977)).

Allen, however, has not argued that the instruction was flawed. Instead, he has argued that the instruction was not warranted by the facts. Allen has not rebutted by clear and convincing evidence the presumption of correctness afforded to the state appellate court's factual findings and this reviewing habeas Court must accept the state appellate court's factual findings and interpretation of Ohio law. Consequently, Allen has not established an error, let alone an error that rendered his trial fundamentally unfair and violated his federal due process rights. Accordingly, Ground Twelve should be dismissed as not cognizable.

### H.    Denial of Due Process Regarding MDO finding – Ground Thirteen

In Ground Thirteen, Allen argues that he was denied due process when the trial court found that he was a "major drug offender" and that this was against United States Supreme Court case *Alleyne v. United States*, 570 U.S. 99 (2013), which requires that a jury determine any fact that increases the penalty for a crime. The Warden argues that Ground Thirteen is based on a false premise and is not cognizable.

Ohio R.C. 2925.03(C)(6)(g), in effect at the time appellant committed the crime, provided, "[i]f the amount of the drug involved equals or exceeds two thousand five hundred unit doses or equals or exceeds two hundred fifty grams and regardless of whether the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in heroin is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree." The jury specifically found that the amount of the drug involved "equals or exceeds 250 grams." (ECF No. 9-1, PageID #: 176, 177). Accordingly, the fact that enhanced the penalty Allen faced – the weight of the drugs involved – was determined by the jury.  The jury's factual finding automatically classified Allen

as a major drug offender. *See State v. Dues*, 2014–Ohio–5276, 24 N.E.3d 751, ¶ 50 (8th Dist. 2014) (*Alleyne* not implicated where the jury determined the weight of the drug possessed).

Here, Allen is simply incorrect as to who determined the fact that increased the penalty he faced as the record clearly shows that the weight of the drug was, in fact, determined by the jury. Accordingly, this issue has no merit and should be denied.

## VII.    Certificate of Appealability

### A.    Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c) ("A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."). The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

### B.    Analysis

Allen's grounds for relief are meritless and/or non-cognizable. If the Court accepts the foregoing recommendation, then Allen has not made a substantial showing of a denial of a constitutional right. He would then not be entitled to a certificate of appealability. Thus, I recommend that the Court not issue a certificate of appealability.

## VIII.  Recommendation

Allen has presented only meritless and non-cognizable claims. Thus, I recommend that the

Court deny his petition in its entirety and not grant him a certificate of appealability.

DATED: October 22, 2021

*s/ Carmen E. Henderson*
Carmen E. Henderson
United States Magistrate Judge

---

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).